UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAKINAH A.  TANZIL,

      Plaintiff,

                                 Case No.12-cv-13580
                                 HON. GERSHWIN A. DRAIN

vs.


COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/


**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION (#15), OVERRULING PLAINTIFF'S OBJECTION  (#16), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#13), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 9), AND DISMISSING PLAINTIFF'S CLAIMS**

## I.    INTRODUCTION

This matter is before the court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Sakinah Tanzil's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income benefits. The matter was referred to Magistrate Judge Mona K.  Majzoub, who issued a Report and Recommendation on August 5, 2013, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant Commissioner's Motion for Summary Judgment be granted, and Plaintiff's Complaint be dismissed.  Plaintiff filed an objection to the Report and Recommendation on August 19, 2013.  For the reasons discussed below, the Court accepts and adopts the Magistrate Judge's

recommendation and concludes that the findings of the Commissioner are supported by substantial evidence warranting entry of judgment in favor of the Commissioner.

## II.   ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for disability insurance benefits and supplemental security income benefits on March 17, 2010, alleging a disability onset date of June 7, 2008.  The ALJ determined that while Plaintiff suffered from Bipolar disorder, she was not disabled within the meaning of the Social Security Act because she retained the residual functional capacity ("RFC") to perform light work with the following limitations: (a) occasional stooping, kneeling, crouching, crawling, balancing, or climbing, (b) limited to simple, routine and repetitive tasks, and (c) only occasional contactt with co-workers and no contact with the general public.  He further opined that Plaintiff was unable to

perform her past, relevant work as a medical assistant, retail manager assistant and flight attendant, but could perform other jobs that exist in significant numbers in the national economy.

Plaintiff's sole objection is that the ALJ erred in crafting his RFC and hypothetical question because he failed to account for Plaintiff's moderate difficulties with respect to concentration, persistence and pace. Plaintiff's objection is without merit. The ALJ's residual functional capacity was "limited to simple routine and repetitive tasks." This is consistent with the conclusions reached by Amy S. Johnson, Ph.D, who performed an evaluation of Plaintiff. Specifically, Johnson concluded:

> Claimant has the mental capacity to understand, remember, and follow simple instructions. Clt is restricted to work that involves brief, superficial interactions w/supervisors and the public. Within these parameters and in the context of performing simple, routine, repetitive, concrete, tangible tasks, clt is able to sustain attention and concentration skills to carry out work like tasks with reasonable pace and persistence.

Admin. Rec. at 61. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence to support the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental and impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *see also Infantado v. Astrue*, 263 Fed. App'x 469, 476 (6th Cir. 2008)(The hypothetical question "need not incorporate a listing of the claimant's medical conditions, [so long as] the vocational expert's testimony . . . take[s] into account the claimant's functional limitations, i.e., what he or she 'can and cannot do.'"); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).

In support of her objection, Plaintiff relies on *Ealy, supra*, however this case is distinguishable from the present matter. In *Ealy*, the court reversed the district court's decision granting summary judgment in favor of the defendant because the ALJ failed to include speed and

pace limitations in the hypothetical despite the ALJ's reliance on the opinion of a state agency psychologist who included such limitations in the claimant's mental residual functional capacity form. *Ealy*, 594 F.3d at 509, 510-11. Specifically, the state psychologist opined that the claimant "retained the mental ability to . . . sustain attention to complete simple repetitive tasks for two-hour segments over an eight-hour workday where speed is not critical." *Id.* at 509. Therefore, the *Ealy* court reversed the district court's decision concluding that "the ALJ relied upon Dr. Scher's assessment, yet the ALJ did not fairly reflect that assessment in the hypothetical because the court failed to include Ealy's time and speed restrictions." *Id.* at 517.

Unlike the facts in *Ealy*, the hypothetical question at issue herein accurately portrayed Plaintiff's mental limitations. The ALJ relied upon the assessment of Johnson that Plaintiff could perform "simple, routine, repetitive, concrete, tangible tasks" and that she "is able to sustain attention and concentration skills to carry out work like tasks with reasonable pace and persistence" and incorporated these limitations in crafting Plaintiff's RFC. Accordingly, Plaintiff's objection is without merit. Therefore, the Court concludes that the Commissioner's decision is supported by substantial evidence and the decision denying Plaintiff's claim for disability insurance and supplemental security income benefits must be affirmed.

## III.    CONCLUSION

Accordingly, Plaintiff's objection [#16] is OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Mona K. Majzoub's August 5, 2013 Report and Recommendation, GRANTS Defendant Commissioner's Motion for Summary Judgment [#13], DENIES Plaintiff Sakinah Tanzil's Motion for Summary Judgment [#9] and DISMISSES Plaintiff's Complaint with prejudice.

-4-

SO ORDERED.

Dated:  September 26, 2013

/s/ Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 26, 2013, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk